## CHARLES GARDNER v. J. H. HAYS, ET AL.

**Survey of Land.**

Under the provisions of the act of 1815 (2 Morehead & Brown 1023) those claiming title pursuant to a survey registered within a year will prevail over claimants under a prior survey not registered for years after the subsequent survey was made.

APPEAL FROM WARREN CIRCUIT COURT.

September 24, 1874.

OPINION BY JUDGE PRYOR:

The survey of Covington was made in the year 1836, and was not registered until November, 1858. Hays' survey was made in the year 1840, and registered the same year, the patents issuing thereon in June, 1841. The survey made by Covington was long prior to that by virtue of which appellees claim, and by the 9th section of the act of 1815, the title, when perfected by grant, relates back to the date of the survey. If this 9th section controlled this case there could be no doubt of the appellant's right to the land. But by the 8th section of the same act every certificate of survey, together with the warrant, must be lodged in the register's office within one year from the date of making the survey, and if this is not done, by the provisions of Sec. 11, same act, "the title conveyed by such grants shall, in contest with other claimants, be considered valid from the date of the registry only." The claim of the appellant must therefore be considered as inferior to that of the appellees, the patent issuing on the survey under which the latter claims in the year 1841, and the patent exhibited by appellant issuing in the year 1859, there being no registration of the survey until 1858. The court does not determine that the patent of Covington is void, but that it is prior in date to that of Hays and must yield to the latter by reason of the expressed provisions of the 11th section of the act of 1815. *2 Morehead & Brown 1023*. The patent to Hays calls for only twenty acres of land, but the boundary embraced by it includes about fifty acres. This of itself is not sufficient to invalidate the patent, and as conceded by counsel for appellant, the validity of a patent issued in accordance with the statute cannot be questioned in a proceeding like this. The fact that the boundary of the patent includes a greater number of acres than that mentioned in the survey will not authorize this court to pronounce it void. The facts in this case also con-

duce strongly to show that Covington had abandoned his claim; and if not, the trial of the appellee is superior to his.

Judgment *affirmed.*

*J. R. Underwood, for appellant.*
*J. W. Goin, for appellees.*

